# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WILLIAM MERRIWEATHER,

        Petitioner,

    v.

WARDEN TAYLOR,

        Respondent.

Case No. 1:23-cv-01732-EPG-HC

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE

Petitioner William Merriweather is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

In the petition, Petitioner is challenging his 18 U.S.C. § 924(c) conviction after pleading guilty in the United States District Court for the Western District of Missouri. (ECF No. 1 at 2.)[1] On August 14, 2023, Petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Missouri, which denied the motion on October 10, 2023. (Id. at 4.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    In the instant federal petition for writ of habeas corpus, Petitioner contends that because

2  he was not involved in any drug transaction and because the firearm was discovered pursuant to

3  a search warrant, the "in furtherance of" element of 18 U.S.C. § 924(c) was not satisfied and

4  thus, the district court lacked jurisdiction and Petitioner is actually innocent of the offense. (ECF

5  No. 1 at 6.)

6                                              **II.**

7                                        **DISCUSSION**

8    Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a

9  habeas petition and allows a district court to dismiss a petition before the respondent is ordered

10 to file a response, if it "plainly appears from the petition and any attached exhibits that the

11 petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254

12 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

13    A federal court may not entertain an action over which it has no jurisdiction. Hernandez

14 v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address

15 the threshold question whether a petition was properly brought under § 2241 or § 2255 in order

16 to determine whether the district court has jurisdiction. Hernandez, 204 F.3d at 865. A federal

17 prisoner who wishes to challenge the validity or constitutionality of his federal conviction or

18 sentence must do so by moving the court that imposed the sentence to vacate, set aside, or

19 correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046

20 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means

21 by which a federal prisoner may test the legality of his detention, and that restrictions on the

22 availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."

23 Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

24    Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal

25 prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255

26

27 [2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28
U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28
28 U.S.C. foll. § 2254.

1   to be "inadequate or ineffective to test the validity of his detention." <u>Alaimalo</u>, 645 F.3d at 1047

2   (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); <u>Harrison v. Ollison</u>, 519 F.3d

3   952, 956 (9th Cir. 2008); <u>Hernandez</u>, 204 F.3d at 864–65. The Ninth Circuit has recognized that

4   it is a very narrow exception. <u>See</u> <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003). The

5   remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a

6   prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. <u>Id.</u>

7   The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v.</u>

8   <u>United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

9         A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner

10   "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at

11   presenting that claim." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Ivy</u>, 328 F.3d at 1060). With respect to

12   the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255

13   savings clause is tested by the standard articulated by the Supreme Court in <u>Bousley v. United</u>

14   <u>States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 F.3d at 898. In <u>Bousley</u>, the Supreme Court

15   explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all

16   the evidence, it is more likely than not that no reasonable juror would have convicted him." 523

17   U.S. at 623 (internal quotation marks and citation omitted).

18         With respect to the second requirement, "it is not enough that the petitioner is presently

19   barred from raising his claim of innocence by motion under § 2255. He must never have had the

20   opportunity to raise it by motion." <u>Ivy</u>, 328 F.3d at 1060. In determining whether a petitioner

21   never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether

22   the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal

23   and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's

24   claim after that first § 2255 motion." <u>Harrison</u>, 519 F.3d at 960 (quoting <u>Ivy</u>, 328 F.3d at 1060–

25   61).

26         Here, Petitioner does not establish that he has not had an unobstructed procedural shot at

27   presenting his claims. It does not appear that the "legal basis" for the claims raised in the instant

28   petition "did not arise until after Petitioner exhausted his direct appeal and first § 2255 motion,"

1   and there is no indication that "the law changed 'in any way relevant' to petitioner's claim[s]

2   after that first § 2255 motion." <u>Harrison</u>, 519 F.3d at 960 (quoting <u>Ivy</u>, 328 F.3d at 1060–61).

**III.**

**RECOMMENDATION & ORDER**

5   Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for

6   writ of habeas corpus be DISMISSED for lack of jurisdiction.

7   Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to

8   the present matter.

9   This Findings and Recommendation is submitted to the assigned United States District

10  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

11  Rules of Practice for the United States District Court, Eastern District of California. Within

12  **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file

13  written objections with the court and serve a copy on all parties. Such a document should be

14  captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

15  United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28

16  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

17  time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d

18  834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

19

    IT IS SO ORDERED.

20

21  Dated:   **January 12, 2024**                    /s/ *Erica P. Grosjean*

22                                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28