# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MERRIWEATHER,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN TAYLOR,<br><br>  Respondent. | No. 1:23-cv-1732 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 7) |

William Merriweather is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The magistrate judge reviewed the petition and found the "Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e)." (Doc. 7 at 1.)  Therefore, the magistrate judge recommended the petition be dismissed.  (*Id.* at 4.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days.  (Doc. 7 at 3.) The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court performed a *de novo* review of the case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

are supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on January 12, 2024 (Doc. 7) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to **CLOSE THE CASE**.
4. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 26, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2